# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**DAVID LEGENDRE, Individually, and on behalf of all others similarly situated,**

Plaintiff,

vs.

**TWEEN BRANDS, INC.**
The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

Defendant.

CASE NO.:

# COMPLAINT

## FOR CLASS ACTION

Plaintiff, David Legendre, a New Jersey resident, residing 10 Jefferson Avenue, Township of Edison, County of Middlesex, brings this class action complaint against Defendant Tween Brands, Inc. individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who purchased consumer products from Defendant within the last six years to the present (the "Class Period"). Plaintiff's allegations against Defendant are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over this class action under 28 U.S.C. §1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), provides federal courts original jurisdiction over any class action in which any member of a class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5 million, exclusive of interest and costs.

2.       Defendant is a corporate citizen of Delaware and does regular business in New Jersey. Because of Defendant's ongoing commercial presence, this Court has jurisdiction over Defendant.

3.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the District of New Jersey is a judicial district in which a substantial part of the events/omissions giving rise to these claims occurred.

## II.  NATURE OF THE ACTION

4.      Defendant operates 34 Justice-brand retail stores across New Jersey and over 850 stores across the U.S. Tween sells consumer products, including children's apparel and accessories.

5.      The law prohibits a company from representing that discounts are available to consumers when, in fact, they are not. When products are offered for sale continuously, the alleged discount price is actually the everyday price and the consumer is not, in fact, receiving a discount.

6.     This is the exact practice in which Defendant is engaging. Defendant advertises that its entire store is 40%, but it is doing so continuously. The result is that, because of the ongoing nature of this "sale", Defendant is telling consumers they are getting a discount when in fact Defendant is charging the regular price for these products.

7.     By advertising discounts without actually providing a discount to its customers, Defendant is violating the law. By filing this class action, Plaintiff is seeking to get actual discounts for himself and for the putative class.

### III. PARTIES

8.     Plaintiff, David Legendre, is an individual and resident of the State of New Jersey, County of Middlesex, City of Edison.

9.     During the Class Period, Plaintiff purchased consumer products from Defendant. Prior to making his purchases, Plaintiff viewed and specifically relied upon the representations made by Defendant through its signage at its stores.

10.     Defendant Tween Brands, Inc. is organized and existing under the laws of Delaware with its corporate headquarters in New Albany, Ohio.

11.     Defendant was and is doing business within this Judicial District.

### IV. ALLEGATIONS OF FACTS

12.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

13.     Defendant posts signs and notices, both in store and out of store, advertising "40% off entire store." This alleged "discount" is not for a limited period but continues every day without end.

- 3 -

14.     Defendant likewise advertises on its website that in-store shoppers will receive discounts of "40% off entire store." This advertisement, prominently placed as a top-billed banner on the front page of www.shopjustice.com, specifically states "in stores: no coupon necessary." In the same matter as all its other marketing, the alleged price advantage is *continuous*.

15.     Defendant utilizes these in-store signs and in-and out-of-store advertisements for the purpose of attracting customers to Defendant's stores to make purchases of the 'discounted' products, with the promise of a discount which never exists.

16.     Plaintiff and the putative class members were all subject to the same deceptive practices and all similarly purchased goods based on Defendant's representations.

17.     On its purchase receipts, Defendant lists a "Ticket Price," which is the purported regular full price of the product; a "Purchase Price," which is the price after the application of the purported discount; and a "Discount Summary," which is the alleged savings the Defendant purports to be giving the customer.  Defendant's purchase receipts also state a purported "Total Savings."

18.     Defendant's purported "discounts" as described above do not exist. Defendant *always* sells its products at the "discounted" price. As such, Defendant's allegedly regular prices are fictional.

19.     Occasionally, Defendant will advertise and offer discounts above and beyond the alleged 40% off (e.g. 40% + 20% off). But the baseline sale price has continuously been 40% off and, upon information and belief, at all times relevant, Defendant advertises all of the products in all of its stores to be 'discounted' at least 40% off.

20.     Throughout the entire class period, Defendant's representations of the fictional, false, and completely made-up regular price has remained the same and constant, uniformly throughout its stores nationally.

**Plaintiff's Purchase**

21.     On numerous occasions over the last six years, plaintiff and his family went to Defendant's store located at the Menlo Park Mall (Store #925) and the Woodbridge Mall (Store #0602). All told, over approximately a year and a half period, Plaintiff and his family shopped at these stores at least a total of six times spending at least $371.60. Attached as Exhibit A and incorporated herein as if fully written is a series of checkcard statements evidencing these purchases.

22.     Plaintiff and his family encountered these represented but fictional discounts and relied on them when making purchases.

23.     Plaintiff and his family have contracted with Defendant to purchase products from Defendant which Defendant had represented to Plaintiff and his family, through its signs and other advertising, to be 40% off.

24.     Because Defendant represented to Plaintiff David Legendre and his family the existence and amount of a completely fake and made up 'regular price' from which Plaintiff and his family would receive a purported discount, Defendant's representations that Plaintiff and his family would receive a discount price advantage were false and misleading.

25.     The products Plaintiff and his family purchased were not discounted by 40% and Plaintiff and his family did not receive this advertised price advantage.

## V. CLASS ALLEGATIONS

26. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

27. Plaintiff brings this action on behalf of himself and all other similarly situated persons, to wit:

a. For the putative National Class:

All individuals who, while they were residents of any state other than Ohio, purchased any product(s) from Defendant, in one of Defendant's stores other than Defendant's Ohio stores, during any day that Defendant advertised a discount of "40% off entire store", or other similar discount language, and where the product(s) was not sold at the former, non-discount price for at least 28 of the last 90 days prior to the purchase.

b. For the putative New Jersey Class:

All individuals who, while they were residents of New Jersey, purchased any product(s) from Defendant, in one of Defendant's New Jersey stores, during any day that Defendant advertised a discount of "40% off entire store", or other similar discount language, and 1.) where there were no substantial number of sales of the advertised merchandise or comparable merchandise of like grade or quality within the most recent 60 days during which the advertised merchandise was available for sale prior to or which were in fact made in the first 60 days during which the advertised merchandise was available for sale following the effective date of the advertisement, nor 2.) where the advertised merchandise, or comparable merchandise of like grade or quality, was actively and openly offered for sale at that price within Defendant's trade area in the regular course of business during at least 28 days of the most recent 90 days before or after the effective date of the advertisement.

28. Each class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

29.     The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the classes as a whole, including, but not limited to:

a.      Whether Defendant's practice of continuous representation of discount off of a fictional regular price violates the consumer protection laws of New Jersey;

b.      Whether Defendant's failure to comply with a material term of the contract by failing to provide Plaintiff and the putative class the agreed percentage off discount is a breach of contract;

c.      Whether Defendant has been unjustly enriched by its practice of continuously representing a discount off of a fictional regular price.

30.     Defendant has engaged in the same conduct regarding all of the other members of the classes or subclasses, as pertinent, which are asserted in this suit.

31.     The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses, and injuries of all those in the class or subclass they represent, and the claims, defenses, and injuries of each class or subclass member are typical of those of all other members in the class or subclass.

32.     The representative Plaintiff will fully and adequately protect and represent the entire class or subclass, and all of its putative members.

33.     The identity of all members of the classes cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

34.     The prosecution of separate actions by each member of these classes would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the classes that would establish incompatible standards of conduct for Defendant.

35.    The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the classes which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## VI. FIRST CLAIM FOR RELIEF
### New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

36.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

37.    This count is brought by Plaintiff, David Legendre, individually and on behalf of the putative New Jersey class members.

38.    This count is brought pursuant to § 56:8-2 of the CFA, which states:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

39.    The CFA is construed liberally in favor of consumers and is broad remedial legislation intended to afford strong protection to consumers.

40.    All products Defendant sells are "merchandise" within the meaning of the Consumer Fraud Act ("CFA"). Likewise, Defendant is a "person" making "advertisements" and "sales" within the definitions of the CFA.

41.     Moreover, Section 13:45A-9.2 et seq. of the New Jersey Administrative Code (NJAC) specifically governs pricing advertisements.

42.     NJAC § 13:45-A-9.2(a)(9) states that "[t]he making of false or misleading representations of facts concerning the… existence or amounts of price reductions, [or] the nature of an offering… of advertised merchandise available for sale" shall be unlawful with respect to all advertisements."

43.     By representing a continuous discount of 40% off of all of its products, Defendant is making false and/or misleading representations of facts concerning the existence and amount of price reductions and the nature of its offering of advertised merchandise in violation of NJAC § 13:45A-9.2(a)(9) and the CFA.

44.     NJAC § 13:45A-9.6 state, in relevant part:

(a) An advertiser shall not use a fictitious former price. Use of a fictitious former price will be deemed to be a violation of the Consumer Fraud Act.
(b) A former price or price range or the amount of reduction shall be deemed fictitious if it cannot be substantiated, based upon proof:
  1. Of a substantial number of sales of the advertised merchandise, or comparable merchandise of like grade or quality made within the advertiser's trade area in the regular course of business at any time within the most recent 60 days during which the advertised merchandise was available for sale prior to, or which were in fact made in the first 60 days during which the advertised merchandise was available for sale following the effective date of the advertisement; [or]
  2. That the advertised merchandise, or comparable merchandise of like grade or quality, was actively and openly offered for sale at that price within the advertiser's trade area in the regular course of business during at least 28 days of the most recent 90 days before or after the effective date of the advertisement…

45.     By representing a continuous discount of 40% off of all of its products, Defendant uses and has used a fictitious former price in violation of NJAC § 13:45A-9.6 and the CFA.

46.     Defendant's deceptive representations of a sale price discounted from a fictional regular comparative price were materially misleading to Plaintiff, David Legendre, and the putative New Jersey class members and Defendant.

47.     Similarly, Plaintiff and the putative New Jersey class members relied on these misleading advertisements.

48.     By always representing that everything in its stores is 40% off, and by never selling anything in its stores at the purported regular comparative price, Defendant's stated regular price is a fictitious prior price in violation of the CFR.

49.     Upon information and belief, Defendant cannot establish compliance with NJAC § 13:45A-9.6 and the CFA, to wit:

      a.  Defendant cannot establish that a substantial number of sales of the advertised merchandise, or comparable merchandise of like grade or quality were made within Defendant's trade area in the regular course of business at any time within the most recent 60 days during which the advertised merchandise was available for sale prior to, or which were in fact made in the first 60 days during which the advertised merchandise was available for sale following the effective date of the advertisement; and

      b.  Defendant cannot establish that it advertised merchandise or comparable merchandise of like grade or quality, was actively and openly offered for sale at that price within Defendant's trade area in the regular course of business during at least 28 days of the most recent 90 days before or after the effective date of the advertisement.

50.     Defendant has never sold these products at these former prices nor even offered these products for sale to the public at the former prices.

51.     As a result of the conduct described herein, Defendant has engaged in unfair and deceptive sales practices in violation of the CFA.

52.     As described herein, Defendant's policies, acts, and practices were designed to, and did, result in the purchase and use of the products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CFA which prohibits, in connection with the sale or advertisement of merchandise, the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, and/or misrepresentation.

53.     Defendant intended that Plaintiff and the putative class members rely on Defendant's acts of omissions so that Plaintiff and the putative class members would purchase consumer products from Defendant.

54.     Plaintiff and the putative class members would not have purchased the products they did or would have paid less for them if Defendant had not conducted this perpetual sale scheme.

55.     The acts, omissions, and practices of Defendant detailed herein proximately caused Plaintiff and the putative class members to suffer an ascertainable loss in the form of, inter alia, monies spent to purchase products from Defendant they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees and costs of suit.

56.     As a result, Plaintiff has suffered an ascertainable and quantifiable loss of moneys and, pursuant to N.J.S.A. § 56:8-19 is entitled to treble damages.

57.     Plaintiff, David Legendre, on behalf of himself and on behalf of the putative New Jersey class members, seeks restitution, disgorgement, injunctive relief, and all other relief allowable under the CFA and New Jersey law.

## VII.   SECOND CLAIM FOR RELIEF
### Breach of Contract

58.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

59.     This count is brought by Plaintiff, David Legendre,  individually and on behalf of the putative national class members.

60.     Defendant offered to sell consumer products to Plaintiff and the putative class members and, based on this offer, Plaintiff and the putative class members paid Defendant for those products, thereby entering into a contract with Defendant.

61.     The contract was based on an offer by Defendant to sell consumer products, under which Plaintiff would buy consumer products from Defendant, and Defendant would sell consumer products to Plaintiff. The putative class members similarly accepted Defendant's offer to sell consumer goods by purchasing same.

62.     A specific and material term of that offer, and the contract entered into based on that offer and acceptance, was that Defendant would provide Plaintiff and the putative class members a 40% discount off of the former price of the products. The discount term is reflected in each customer's receipt.

63.     Additionally, all other requirements and/or conditions of this contract, if any, were either satisfied or these conditions were waived.

64.     Defendant breached the contract by failing to comply with the specific, material term of providing a discount, and by instead charging Plaintiff and the putative class members what was actually the full price of these products.

65.     As a direct and proximate result of Defendant's breach, Plaintiff and the putative class members have been injured in an amount to be established at trial.

## VIII.   THIRD CLAIM FOR RELIEF
### Breach of Express Warranty

66.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

67.    This count is brought by Plaintiff, David Legendre, individually and on behalf of the putative national class members.

68.    Defendant has made representations to the public, including Plaintiff and the putative class members, through its advertising, packaging and other means, that its products were discounted as 40% off.

69.    That promise of a discount became part of the basis of the bargain between the parties and constituted an express warranty.

70.    Defendant sold the consumer goods to Plaintiff and the putative class members, who bought the consumer goods from Defendant.

71.    Defendant breached the express warranty in that the goods were in fact not discounted.

72.    Through Defendant's breach, Plaintiff and the putative class of consumers in fact did not receive these consumer goods as Defendant warranted.

73.    As a proximate result of Defendant's breach of warranty, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

## IX. FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

74.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

75.     This count is brought by Plaintiff, David Legendre, individually and on behalf of the putative national class members.

76.     This claim asserts that it is unjust to allow Defendant to retain profits from their deceptive, misleading, and unlawful conduct alleged herein.

77.     Defendant charged Plaintiff and the putative class members for its products.

78.     Defendant represented that these products were 40% discounted.

79.     As detailed above, the products were not discounted as promised.

80.     Because the products were advertised as being discounted, but were not, Defendant collected more than if the promise of the 40% discount had been performed.

81.     As a result of these actions, Defendant received benefits under circumstances where it would be unjust to retain these benefits.

82.     Defendant has knowledge or an appreciation of the benefit conferred upon it by Plaintiff and the putative class members.

83.     Defendant has been unjustly enriched.

84.     Plaintiff and the putative class members are entitled to restitution and/or disgorgement of all profits, benefits, and other compensation obtained and retained by the Defendant from their wrongful conduct.

## X.  FIFTH CLAIM FOR RELIEF
### Breach of Good Faith and Fair Dealing

84.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

85.     Each party to a contract must deal fairly and in good faith with the other in their performance under the contract.

86.    In addition to the expressed terms of the contract, there is implied in every contract an additional term which obligates both parties to deal with each other in good faith. The obligation of good faith and fair dealing operates exactly as if it had been explicitly written into the parties' agreement or contract and requires that in all of their obligations to one another, under their agreement, they will observe reasonable commercial practices of fair dealing.

87.    As detailed above, Defendant has failed to deal with the Plaintiff, David Legendre, and the putative class members in good faith and fair dealing.

88.    As a proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and the putative class members have been damaged in an amount to be determined at trial.

## XI. SIXTH CLAIM FOR RELIEF
### Negligent Misrepresentation

89.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

90.    As set forth ¶¶ 1-34 herein, Defendant has negligently and/or carelessly concealed, suppressed, and/or omitted facts material to the transaction(s) at issue which caused Plaintiff, David Legendre, and the putative class members to detrimentally rely upon said misrepresentation when he/they purchased products form Defendant.

91.    As a direct proximate result of the misrepresentations of Defendant, Plaintiff and the putative class members suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for judgment against Defendant as follows:

1.     For an order determining that this matter is a proper class action under Federal Rule 23 and certifying it as such;

2.     For compensatory damages in excess of $5 million dollars;

3.     For treble damages under the New Jersey Consumer Fraud Act;

4.     For reasonable costs and attorney fees necessarily incurred herein as allowable under the law;

5.     For all such other and further relief as the Court may deem just and proper.

MICHAEL J. DEEM, ESQ.
Atty. Id. 02039-1998

**R.C. Shea & Associates**
Counsellors at Law
244 Main Street, P.O. Box 2627
Toms River, New Jersey 08753
Tel: 732-505-1212
Fax:732-505-1360
Attorney for Plaintiff

06/09/2015 TUE 12:47  FAX 732 603 9065 EMOG                               ☑002/007



DAVID LEGENDRE
JENNIFER LEGENDRE

H

Combined Statement
Page 3 of 8
Statement Period
06-21-12 through 07-20-12
B 13  E I  E PI  13                0002757

## MyAccess Checking Additions and Subtractions

| Date Posted | Amount($) | Resulting Balances($) | Transactions |
|---|---|---|---|
| 06-26 | 33.27- | | CheckCard  0624 Justice #0925 |
| | | | Woodbridge   NJ  24445002177200070321866 |

06/09/2015 TUE 12:47  FAX 732 603 9065 EMOG                                      ☑003/007

H

Combined Statement
Page 4 of 8                     87
Statement Period
06-21-12 through 07-20-12
B 13  E I  E PI  13

DAVID LEGENDRE
JENNIFER LEGENDRE

## MyAccess Checking Additions and Subtractions

| Date Posted | Amount($) | Resulting Balances($) | Transactions |
|---|---|---|---|
| 07-06 | 23.40- | ███ | CheckCard 0704 Justice #0602 <br> Edison    NJ 24445002187200063845549 |





DAVID LEGENDRE
JENNIFER LEGENDRE

H

**Combined Statement**
Page 3 of 8
Statement Period
11-21-12 through 12-19-12
B 13  E I  E FI  13          0002733

## MyAccess Checking Additions and Subtractions

| Date Posted | Amount($) | Resulting Balances($) | Transactions |
|-------------|-----------|----------------------|--------------|
| 12-04 | 160.59- | | CheckCard  1202 Justice #0925<br>Woodbridge   NJ 2444500233820007379O584 |

06/09/2015 TUE 12:48  FAX 732 603 9065 EMOG                                      ☑005/007



DAVID LEGENDRE
JENNIFER LEGENDRE

H

**Combined Statement**
Page 5 of 8
Statement Period
11-21-12 through 12-19-12
B 13  E I  E PI  13                    0002735

## MyAccess Checking Additions and Subtractions

| Date Posted | Amount($) | Resulting Balances($) | Transactions |
|-------------|-----------|----------------------|--------------|
| 12-17 | 86.28- |  | CheckCard  1214 Justice #0602<br>Edison      NJ 2444500235020010670705 |

06/09/2015 TUE 12:48  FAX 732 603 9065 EMOG                                        ☑006/007

DAVID LEGENDRE  |  ▬▬▬▬▬▬  |  July 23, 2013 to August 21, 2013

## Withdrawals and other subtractions

Date          Description                                                              Amount

08/12/13    CHECKCARD 0810 JUSTICE #0602 EDISON      NJ 24445003223300326766674                    -27.06

*continued on the next page*

**DAVID LEGENDRE  |** ~~████████████~~ **November 20, 2013 to December 19, 2013**

## Withdrawals and other subtractions

Date         Description                                                                 Amount

| 11/25/13 | CHECKCARD 1122 JUSTICE W0602 EDISON    NJ 24445003327200091700590 | −41.00 |

*continued on the next page*